**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4004

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARGARITO TORRES, a/k/a Mago,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Rock Hill.  Cameron McGowan Currie, District Judge.  (CR-03-265)

Submitted:  September 17, 2004      Decided:  November 2, 2004

Before LUTTIG, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew R. MacKenzie, BARRETT & MACKENZIE, L.L.C., Greenville, South Carolina, for Appellant.  William Kenneth Witherspoon, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Margarito Torres appeals his conviction and 120-month sentence imposed after he pled guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine. Torres' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising one issue but stating that, in his view, there are no meritorious issues for appeal. Torres has filed a pro se supplemental brief. We affirm.

Counsel questions whether the district court erred in its assessment of a two-point enhancement under U.S. Sentencing Guidelines Manual § 3B1.1(c) (2002), for Torres' role as an organizer, leader, manager, or supervisor of a criminal activity. Our review of the record leads us to conclude that the district court did not plainly err in applying the enhancement. See United States v. Osborne, 345 F.3d 281, 284 (4th Cir. 2003) (stating standard of review).

In his pro se supplemental brief, Torres raises several claims. First, he contends that his guilty plea was not knowing and voluntary. Because Torres did not move in the district court to withdraw his guilty plea, we review his challenge to the adequacy of the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 524-25 (4th Cir.) (providing standard of review), cert. denied, 537 U.S. 899 (2002). We find that Torres' guilty plea was knowingly and voluntarily entered after a thorough

- 2 -

hearing pursuant to Fed. R. Crim. P. 11. Torres was properly advised as to his rights, the offense charged, and the minimum and maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced. See North Carolina v. Alford, 400 U.S. 25, 31 (1970); United States v. DeFusco, 949 F.2d 114, 119-20 (4th Cir. 1991). We therefore find no plain error.

Torres also asserts in his pro se supplemental brief that counsel provided ineffective assistance. However, "[i]neffective assistance claims are not cognizable on direct appeal unless counsel's ineffectiveness conclusively appears on the record." United States v. James, 337 F.3d 387, 391 (4th Cir. 2003), cert. denied, 124 S. Ct. 1111 (2004). Because Torres has failed to meet this high standard, we decline to address his ineffective assistance of counsel claims on direct appeal.

In accordance with Anders, we have reviewed the entire record for any meritorious issues and have found none. Accordingly, we affirm Torres' conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof

- 3 -

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED